

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 23, 2019

**BY ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Samil Ovalle*, **S2 17 Cr. 592 (JMF)**

Dear Judge Furman:

    The defendant in this case, Samil Ovalle, is scheduled to be sentenced on May 14, 2019, having pleaded guilty to conspiracy to commit Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951. The Government submits this letter in advance of the sentencing. For the reasons explained below, the Government submits that a sentence within the United States Sentencing Guidelines range of 57 to 71 months' imprisonment is warranted in this case.

    **I.**    **Offense Conduct and Procedural History**

    On September 17, 2018, Ovalle was arrested after having been indicted on charges of Hobbs Act conspiracy and attempted Hobbs Act robbery, in connection with Ovalle's participation in a robbery crew that robbed people suspected of transporting drugs or drug proceeds.

    The robbery crew's modus operandi was as follows. A member of the crew would receive information that a car was transporting either narcotics or narcotics proceeds. The crew would then follow that car, and using a light package that resembled lights on a police car, they would pull the target's vehicle over. Members of the crew, wearing fake law enforcement badges, would approach the target's car and direct the occupants to exit the vehicle. Members of the crew would then drive off with the target's vehicle. They would then try to access any hidden compartments in the car and split the proceeds – either narcotics or proceeds – among the members of the crew.

    On January 7, 2019, Ovalle pleaded guilty pursuant to a plea agreement to a one-count Superseding Information charging him with participating in a Hobbs Act conspiracy. As part of that agreement, Ovalle admitted to participating in six robberies between December 2015 and July 2018. Ovalle further admitted that he made approximately $50,000 due to his membership in the conspiracy, and that the robberies in which he participated resulted in a gain of between $95,000 to $500,000.

Hon. Jesse M. Furman
April 23, 2019
Page 2 of 2

The parties agree that the Stipulated Guidelines Range is 57 to 71 months' imprisonment, based on an Offence Level of 25 and a Criminal History Category of I.

## II.   Discussion

A sentence within the Stipulated Guidelines Range of 57 to 71 months' imprisonment would be sufficient, but not greater than necessary, to address the legitimate purposes of sentencing. The factors in 18 U.S.C. § 3553(a) applicable here include the nature and circumstances of the offense, the need for the sentence imposed to promote respect for the law and provide just punishment for the offense, and the need to provide deterrence to the defendant and others similarly situated. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(B).

While this is the defendant's first conviction, the conduct was quite serious. The defendant and others participated in several, sophisticated robberies of drug dealers by impersonating law enforcement officers. Although there is no evidence that any member of the crew was armed during these robberies, the potential for violence was high given that, the targets were drug dealers transporting drugs and/or cash. Moreover, the defendant wore clothing and shields pretending to be law enforcement when committing these robberies. These actions could create safety issues for legitimate law enforcement officers because drug dealers may not follow directions from law enforcement in the future if they believe that those officers are not actual officers.

A sentence within the Stipulated Guidelines range is also necessary to afford adequate deterrence to the defendant and others who are similarly situated. Deterrence is particularly important here. This is far more than an isolated mistake. The defendant engaged in multiple robberies over a long period of time. A significant term of incarceration is necessary to deter the defendant from engaging in this activity as well as to deter others, who may try to copy the defendant's method of impersonating officers to rob drug dealers.

## III.   Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the Guidelines range of 57 to 71 months' imprisonment.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

by:  /s
Michael D. Longyear
Jacob Warren
Assistant United States Attorneys
(212) 637-2223 / 2264

cc: Christopher Madiou, Esq. (by ECF)